## In re KIMBLE.

[Cite as *In re Kimble* (1996), 114 Ohio App.3d 136.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3–96–06.

Decided Sept. 25, 1996.

David H. Bodiker, Public Defender, and Susan A. Ward, Assistant Public Defender, for appellant.

Russell B. Wiseman, Crawford County Prosecuting Attorney, and Jeffrey Zeisler, Assistant Prosecuting Attorney, for appellee.

Shaw, Judge.

Defendant-appellant, Nichalas Kimble, appeals from a judgment entered in the Crawford County Court of Common Pleas, Juvenile Division, adjudging him an unruly youth for habitual truancy in violation of R.C. 2151.022 and revoking his parole.

The record reveals that on July 9, 1993, defendant was adjudicated a delinquent child and given a suspended commitment to the Department of Youth Services ("DYS"). On February 13, 1995, the trial court committed defendant to DYS and on June 13, 1995, defendant was granted an early release and placed on parole.

On November 21, 1995, the trial court conducted a hearing on a complaint alleging defendant to be an unruly child on the basis of habitual truancy in violation of R.C. 2151.022. Following the hearing, the trial court issued a judgment entry which adjudged defendant an unruly youth, revoked his parole and recommitted him to DYS.

Thereafter, defendant filed the instant appeal from the trial court's judgment, asserting the following three assignments of error:

"I. The trial court erred when it revoked Nichalas Kimble's parole without notice or a hearing. This error was a violation of Nichalas' right to due process of law under the Fourteenth Amendment to the United States Constitution, Article One, Section Sixteen of the Ohio Constitution, and R.C. 2151.38(B)(2)(c).

"II. The trial court erred by denying Nichalas his right to counsel for the charge of truancy under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Article One, Section Sixteen of the Ohio Constitution, R.C. 2152.352 and Juv.R. 4 and 29(B).

"III. The trial court erred when it accepted Nichalas' admission to the charge of truancy because Nichalas' plea was not knowing and voluntary under the Fourteenth Amendment to the United States Constitution, Article One, Section Sixteen of the Ohio Constitution and Juv.R. 29."

We first note that the record contains no transcript of the trial court's proceedings. We will therefore rely on defendant's proposed statement of the proceedings which was certified as the record of the trial court pursuant to App.R. 9(C).

We will address defendant's second and third assignments of error first, and due to the fact that both assignments deal with related issues, we will address them collectively.

In defendant's second and third assignments of error, he argues that he was denied due process of law because he was denied the right to counsel and because the trial court erroneously accepted his admission to the charge of truancy without further inquiry.

Defendant's statement of proceedings contains the affidavit of Rhonda Neal, Court Director for Crawford County Juvenile Court, in which Neal recounted her version of events as they occurred in the courtroom. According to Neal, the trial judge read the truancy complaint aloud in the courtroom and remarked that it appeared that the truancy complaint had been served upon defendant. Neal stated that the judge then asked defendant, "Since you are here without an attorney am I to assume that you wish to proceed without an attorney?" to which defendant responded "yes." The trial judge asked defendant to plead true or not true to the complaint, to which defendant responded "true." After defendant's admission, Steve Kent, Attendance Coordinator at Galion High School, addressed the court regarding the facts of defendant's alleged truancy. The judge then asked defendant if he had any corrections or additions to Kent's version of events, to which defendant answered that he did not.

In addition to Neal's affidavit, the record contains the affidavit of defendant. In his affidavit, defendant stated that he did not remember if the trial judge told him that he had the right to an attorney or whether he was advised of what his sentence could be if he chose to plead "true." Moreover, defendant stated that he did not remember being told that if he pled "true," he would be giving up his right to cross-examine witnesses, his right to remain silent as well as his right to present evidence.

With respect to the right to counsel in a juvenile proceeding, Juv.R. 4(A), Juv.R. 29(B) and R.C. 2151.352 entitle a juvenile to be represented by counsel at all stages of a juvenile court proceeding. Juv.R. 3 allows the rights of a child to be waived with permission of the court. In order for such a waiver to be effective, the court must make an inquiry to determine whether the waiver was made voluntarily and knowingly, with "an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof and all other facts essential to a broad understanding of the whole matter." *Von Moltke v. Gillies* (1948), 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309, 321; *In re Hernandez* (May 21, 1996), Seneca App. No. 13–95–53, unreported, 1996 WL 276376.

Moreover, upon the commencement of an adjudicatory hearing against a juvenile, Juv.R. 29(B) requires the court to do the following:

"(1) Ascertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance;

"(2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv.R. 30 where the complaint alleges that a child fifteen years of age or over is delinquent by conduct that would constitute a felony if committed by an adult;

"(3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;

"(4) Appoint counsel for any unrepresented party under Juv.R. 4(A) who does not waive the right to counsel;

"(5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross examine witnesses, and upon request, to have a record of all proceedings made, at public expense if indigent."

This rights dialogue is mandatory, and failure to advise the child of these constitutionally afforded protections constitutes reversible error. *In re Smith* (1991), 77 Ohio App.3d 1, 601 N.E.2d 45.

Furthermore, with respect to a juvenile's entry of an admission, Juv.R. 29(D) provides:

" * * * The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

"(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

"(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.

"The court may hear testimony, review documents, or make further inquiry, as it considers appropriate, or it may proceed directly to the action required by division (F) of this rule."

In addressing defendant's contention regarding his right to counsel, the record indicates that the judgment entry revoking defendant's parole states, in conclusory terms, that "all parties were fully advised of their rights." However, there is no indication from the record that the trial court ever made a determination concerning defendant's indigency or that the court advised defendant that he had the right to appointed counsel based on his indigency. Moreover, aside from the aforementioned dialogue in which the court asked, "Since you are here without an attorney am I to assume that you wish to proceed without an attorney?" and defendant responded "yes," there is no evidence in the record that the trial court

made a sufficient inquiry to determine whether defendant's purported waiver of counsel was made knowingly and voluntarily. *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, paragraph one of the syllabus. Furthermore, the record indicates that the trial court failed to advise defendant of the purpose of the hearing, the possible penalties for the alleged truancy violation, the ramifications of an admission to the charge, as well as defendant's right to remain silent, offer evidence, cross-examine witnesses and have a record made of the proceedings as mandated by Juv.R. 29(B) and (D).

Accordingly, based on the foregoing, we hold that the trial court failed to adhere to the mandates set forth in Juv.R. 29(B) and (D) by failing to advise defendant of his constitutional rights, the consequences of his admission as well as the failure to ascertain whether defendant's purported waiver of counsel was made knowingly and voluntarily. Defendant's second and third assignments of error are sustained.

In defendant's first assignment of error, he maintains that since no complaint alleging a parole violation had been filed against him, the trial court lacked jurisdiction to revoke his parole but nevertheless proceeded to do so without proper notice or a hearing.

The record indicates that on October 27, 1995 a complaint was filed in the trial court alleging defendant to be an unruly child based on habitual truancy, a violation of R.C. 2151.022. The case proceeded to a hearing before the trial court on November 21, 1995. According to the statement of the proceedings, the trial judge read the truancy complaint to defendant but did not make any reference to an alleged parole violation. Moreover, according to Rhonda Neal's affidavit, no parole violation complaint was ever filed against defendant. Following the court's brief dialogue with defendant concerning his legal representation and whether he had anything to add or correct with respect to Steven Kent's version of the truancy charge, the court issued a judgment entry adjudging defendant an unruly youth and revoking his parole.

R.C. 2151.38(C) establishes parole provisions for juveniles. The relevant provision provides:

" * * * If a child is released on parole or is assigned subject to specified terms and conditions and the court of the county in which the child is placed has reason to believe that the child has not deported himself in accordance with any post-release terms and conditions established by the court in its journal entry, the court of the county in which the child is placed may, in its discretion, schedule a time for a hearing on whether the child violated any of the post-release terms and conditions. If the court of the county in which the child is placed conducts a hearing and determines at the hearing that the child violated any of the post-

release terms and conditions established in its journal entry, the court may, if it determines that the violation of the terms and conditions was a serious violation, order the child to be returned to the department of youth services for institutionalization or in any case, may make any other disposition of the child authorized by law that the court considers proper. If the court of the county in which the child is placed orders the child to be returned to a department of youth services institution, the child shall remain institutionalized for a minimum period of three months."

In addressing the due process standards applicable to an adult parole revocation hearing, the Supreme Court of the United States set forth the following requirements in *Morrissey v. Brewer* (1972), 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484, 499:

" * * * (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses * * * [absent good cause to dispense with confrontation]; (e) a 'neutral and detached' hearing body * * *; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole."

While *Morrissey v. Brewer* is silent as to whether these same requirements apply to a juvenile parole revocation, it is well established that pursuant to *In re Gault* (1967), 387 U.S. 1, 30, 87 S.Ct. 1428, 1445, 18 L.Ed.2d 527, 547–548, due process of law requires that in a juvenile delinquency proceeding where the juvenile may be committed to a state institution many, if not most, of the rights afforded to adult criminal defendants must be afforded to the juvenile. Moreover, at least one Ohio appellate court has reviewed a juvenile parole revocation in conjunction with the due process requirements set forth in *Morrissey*. See *In re Long* (1985), 24 Ohio App.3d 32, 24 OBR 55, 492 N.E.2d 878. We therefore hold that the requirements of *Morrissey v. Brewer* are applicable to juvenile parole revocation proceedings.

Again, according to the record, the only complaint filed with the trial court prior to the revocation of defendant's parole pertained to allegations that defendant was an unruly youth due to truancy violations. Defendant's parole was therefore revoked in conjunction with a hearing which was initially set by the trial court to adjudicate allegations which were independent of any alleged parole violation.

Our review of the record as set forth by defendant's statement of the proceedings reveals that defendant was aware that he was in court to face allegations concerning his habitual truancy and that defendant did, in fact, admit

the truth of those allegations. The record however, does not disclose that defendant was ever advised, either orally or in writing, that the truancy charge against him was a claimed violation of the terms of his parole. Moreover, there is no indication that defendant was advised that his plea on the truancy charge would automatically revoke his parole. In fact, on the record before us, it appears that the issue of a parole violation did not arise until the trial court's final disposition of the matter. It is certainly conceivable that defendant, who appeared without counsel, was under the impression that his actions at the hearing would bear only on the charge of truancy.

The state correctly points out that the trial court, in its June 13, 1995 judgment entry addressing defendant's early release request, adopted the terms of the Ohio Department of Youth Services' rules of parole and community treatment plan. The rules of parole specifically state that defendant was not to break any federal, state or local laws and that defendant was to obey all conditions of his community treatment plan. The community treatment plan specifically states that defendant "is to attend school as scheduled." In our view, however, while defendant may have intuitively known the probable consequences of his truancy, that does not change the fact that he never received any type of notice concerning the issue of a possible parole violation until *after* his parole had been revoked.

Accordingly, as defendant was not afforded any of the due process safeguards as set forth in *Morrissey v. Brewer, supra,* we sustain defendant's first assignment of error and hold that the trial court improperly revoked defendant's parole.

In summary, defendant's three assignments of error are hereby sustained and the November 21, 1995 judgment of the Crawford County Court of Common Pleas, Juvenile Division, adjudging defendant an unruly youth and revoking his parole, is hereby reversed, and this matter is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

EVANS and THOMAS F. BRYANT, JJ., concur.