**In re FULK, a Minor Child.**

[Cite as *In re Fulk* (1999), 132 Ohio App.3d 470.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3-99-05.

Decided Aug. 6, 1999.

*Russell B. Wiseman,* Crawford County Prosecuting Attorney, for appellee.

*David H. Bodiker,* Ohio Public Defender, *Pamela A. Conger–Cox* and *Jill E. Beeler,* Assistant Public Defenders, for appellant.

HADLEY, Judge.

This appeal is brought on behalf of appellant Amy Lynn Fulk ("appellant"), a minor, from a judgment of the Crawford County Common Pleas Court, Juvenile Division, adjudicating her a delinquent and imposing a previously suspended sentence of commitment to the Ohio Department of Youth Services.

The pertinent facts of the case are as follows. In March 1997, appellant was placed on probation for committing an alleged act of domestic violence against her father. At the disposition hearing, appellant's sentence of commitment to the Ohio Department of Youth Services was suspended, and appellant was placed on probation.

In June 1998, appellant and her father were yet again involved in a physical altercation. Appellant, for a second time, was charged with domestic violence. The case was set for a disposition hearing on November 17, 1998.

At the disposition hearing, in exchange for appellant's admission, the charge of domestic violence was reduced to a charge of disorderly conduct. Following the hearing, the juvenile court committed appellant to the Ohio Department of Youth Services for a minimum term of six months to a maximum term not to exceed appellant's attainment of age twenty-one.

Appellant now appeals the juvenile court's decision, asserting three assignments of error.

## ASSIGNMENT OF ERROR NO. I

"Amy Fulk's admission was not knowing, intelligent and voluntary, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, Sections 10 and 16, Article I of the Ohio Constitution, and Juv.R. 29, where the trial court elicited admissions from her without explaining her rights, giving notice of the consequences of her admission, and without ascertaining whether she both understood and waived those rights."

Appellant asserts in her first assignment of error that the trial court erred in failing to engage her in any meaningful colloquy prior to accepting her admission to the offense of disorderly conduct. Specifically, appellant claims that her admission was not entered knowingly, voluntarily, and intelligently. For the following reasons, we agree.

It is well established that the Due Process Clause of the Fourteenth Amendment applies to juveniles as well as adults. See *In the Matter of Richardson* (Mar. 15, 1999), Auglaize App. No. 2–98–27, unreported, 1999 WL 181189, citing *In re Gault* (1967), 387 U.S. 1, 13, 87 S.Ct. 1428, 1436, 18 L.Ed.2d 527, 538. Pursuant to Ohio's Juv.R. 29(D), in the context of an admission, due process requires that the court personally address the minor to determine that he or she is making the admission voluntarily, and that he or she understands the rights that are waived by entering such an admission. *Richardson, supra,* citing *In re Miller* (1997), 119 Ohio App.3d 52, 57, 694 N.E.2d 500, 503. Thus, Juv.R. 29(D) requires the court to make a careful inquiry before accepting an admission in a juvenile case.

Juv.R. 29 states as follows:

"(D) The court * * * shall not accept an admission without addressing the party personally and determining both of the following:

"(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

"(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."

The transcript of the disposition hearing reveals the following relevant exchange between the trial judge, appellant, and her attorney:

"Court: And how does Amy officially and formally answer to the amended complaint claiming involvement in an incident of disorderly conduct * * *?

"Appellant's Counsel: An admission, your Honor.

"Court: Okay, Amy, so there's no confusion, when Mr. Starkey says that you admit, you understand that you are saying that it is true that you were involved in an incident of disorderly conduct on June 17, 1998?

"Appellant: Yes, Sir."

The above exchange clearly establishes that appellant did not make a knowing, voluntary, and intelligent waiver of her constitutional rights when she entered her admission to the amended charge of disorderly conduct. In particular, the trial court did not apprise appellant of the nature of the charge against her, nor did the court inform her of the possible consequences of an admission. The trial court also failed to advise appellant that by entering an admission, she would consequently waive her right to challenge the witnesses and evidence against her, to remain silent, and to introduce evidence at the adjudicatory hearing.

The record plainly demonstrates that the trial court committed prejudicial error in failing to comply in any respect with the requirements of Juv.R. 29(D). Thus, we find that appellant's admission to the charge of disorderly conduct was not entered knowingly, voluntarily, and intelligently.

Accordingly, appellant's assignment of error is well taken and is sustained. Having sustained appellant's first assignment of error, we need not address appellant's remaining assignments of error.

*Judgment reversed.*

WALTERS and SHAW, JJ., concur.