OPINION
Appellant, Joshua Javis, appeals the judgment entry of the Ashtabula County Court of Common Pleas, Juvenile Division, adjudicating appellant a delinquent.
On July 23, 1996, a complaint was filed against appellant in the trial court on the basis that during the first week of July 1996, he committed an act of criminal trespass, in violation of R.C. 2911.21(A)(1), a misdemeanor of the fourth degree if committed by an adult. The complaint further charged appellant with vandalizing the house by breaking a window of the home, in violation of R.C. 2909.05(A), a felony of the fifth degree if committed by an adult.
Appellant failed to appear at the adjudicatory hearing that was scheduled for August 29, 1996, and a warrant for his arrest was issued the next day. No action occurred on this matter until June 29, 1998, when appellant was arrested on the warrant. Appellant appeared before the magistrate and entered a plea of true to the charge of vandalism. The criminal trespass charge was dismissed. Accordingly, the magistrate sentenced appellant to an indefinite commitment of at least six months in the Ohio Department of Youth Services ("DYS"), and ordered him to pay a fine in the amount of $10, plus court costs. However, the commitment of appellant to DYS was stayed on the condition that he commit no further offense of any law prior to reaching the age of eighteen. Appellant also was placed on probation.
Although the parties, in their briefs, indicate that appellant committed a subsequent delinquent act of menacing, and that the trial court imposed an identical sentence to the one entered in this matter, no such entry is in the record in this case.
Additionally, appellant filed a delayed appeal of the trial court's June 29, 1998 judgment entry, which this court granted on May 20, 1999. However, because that entry was determined not to be a final appealable order since it was both a magistrate's decision and trial court judgment entry, we remanded the matter for the trial court to issue a final appealable order. On May 26, 1999, the trial court issued a final appealable order. Thus, on June 15, 1999, we issued an entry stating that appellant's appeal of the lower court's June 29, 1998 entry would be treated as a premature appeal, pursuant to App.R. 4(C). Therefore, we ordered the case to continue to proceed according to the rule.
Appellant now appeals the June 29, 1998 entry, which will be treated as a premature appeal of the trial court's May 26, 1999 judgment entry. Appellant raises the following assignment of error:
 "The trial court erred in adjudicating juvenile [sic] appellant delinquent as the record does not show that the juvenile knowingly and voluntarily waived his right to counsel."
In this assignment of error, appellant avers that the trial court never asked appellant whether he waived any of his rights set forth in Juv.R. 29. Specifically, appellant argues that although appellant was advised of his right to counsel, he never waived that right, yet an attorney was not appointed to represent him. Moreover, appellant contends that the trial court erred in advising him that he would be giving up his right to an attorney if he pleaded true since appellant was entitled to ask for an attorney at any stage in the proceeding. Finally, appellant states after the conclusion of his adjudicatory hearing, the trial court moved immediately to the dispositional phase, and, thus, the record is not clear that he understood his right to counsel.
Appellee argues that the trial court did not commit reversible error because it complied with Juv.R. 29(D).
Juv.R. 29(D) provides the procedure that a trial court must follow regarding the acceptance of an admission by a juvenile to a delinquent act and requires the court to address the juvenile personally and determine the following:
 "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
It is axiomatic that the Due Process Clause of the Fourteenth Amendment applies to juveniles as well as adults. See In re Fulk (1999), 132 Ohio App.3d 470,471, citing In the Matter of Richardson
(Mar. 15, 1999), Auglaize App. No. 2-98-27, unreported, and In re Gault (1967), 387 U.S. 1, 13. In regard to admissions pursuant to Juv.R. 29(D), due process requires that a trial court personally address the juvenile to determine whether he or she is making the admission voluntarily, and whether he or she understands what rights are being waived.
Based on the foregoing authority, we hold that the application of the strict compliance standard required under Crim.R. 11(C) with respect to constitutional rights regarding adult proceedings is equally applicable to juvenile proceedings involving Juv.R. 29(B)(3), (5) and (D).
However, appellee misconstrues appellant's argument as alleging a Juv.R. 29(D) violation when, in fact, appellant claims that there was no compliance with Juv.R. 29(B)(3), not Juv.R. 29(D).
Juv.R. 29(B)(3) states that the trial judge must inform an unrepresented party of his or her right to counsel "and determine if those parties are waiving their right to counsel." Indeed, Juv.R. 29(B) entitles a juvenile to legal representation at all stages of a juvenile proceeding. In re Kimble (1996), 114 Ohio App.3d 136,139.
 "In order for such a waiver to be effective, the court must make an inquiry to determine whether the waiver was made voluntarily and knowingly, with `an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof and all other facts essential to a broad understanding of the whole matter." Id.
The failure of the trial judge to inform a juvenile of his Juv.R. 29(B) rights constitutes reversible error. Id. at 140. "The court must fully and clearly explain to [the] defendant his right to counsel and the defendant must then affirmatively waive that right on the record." In re East (1995), 105 Ohio App.3d 221,223.
In the case sub judice, the plea colloquy reveals that the trial judge informed appellant of his right to an attorney and the fact that if his family could not afford one, one would be provided to him at no cost at all stages of the proceedings; but, there is no instance in the record where the trial judge expressly asked appellant whether he waived his right to counsel. Indeed, the record fails to demonstrate that appellant affirmatively waived his right to counsel. The fact that the trial judge did not ask appellant if he waived his right to counsel is even more troubling in light of the fact that appellant appeared at the proceeding without the assistance of counsel. Only appellant's mother made an appearance with him. Thus, appellant's assignment of error is well-taken.
For the foregoing reasons, appellant's assignment of error is with merit. The judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, is reversed and the matter is remanded to allow appellant to plead anew.
 _____________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., MILLIGAN, J., Ret., Fifth Appellate District, sitting by assignment, concur.