DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Brandi Sproule, has appealed from the orders of the Lorain County Court of Common Pleas, Juvenile Division, that adjudicated her a delinquent child and permanently committed her to the Department of Youth Services. We reverse.
On February 17, 1999, a complaint was filed against Appellant alleging two counts of domestic violence. On March 1, 1999, Appellant was adjudicated a delinquent child and was given a permanent commitment to the Ohio Department of Youth Services with the execution of this commitment suspended. On July 23, 1999, Appellant was placed with a group home. Due to her progress at the group home, on November 23, 1999, Appellant was placed on transition and was sent to Turning Point. While at Turning Point, Appellant allegedly assaulted a staff member at the facility. On January 3, 2000, Appellant was charged with assault. On that same date, Appellant admitted the allegations in the complaint. At the dispositional hearing held on February 18, 2000, Appellant's probation was revoked and the prior commitment to the Department of Youth Services was imposed. Additionally, on the assault charge Appellant was permanently committed to the Department of Youth Services for at least six months and up to and until she reached the age of twenty-one. Appellant timely appealed and has raised three assignments of error for review. The first two assignments of error will be addressed concurrently for ease of review.
 ASSIGNMENT OF ERROR I The juvenile court erred to the prejudice of [Appellant] when it conducted a dispositional hearing and ordered [Appellant's] confinement to the Department of Youth Services without informing [Appellant] that she was entitled to representation by a court appointed attorney at the dispositional hearing.
 ASSIGNMENT OF ERROR II The juvenile court erred to the prejudice of [Appellant] when it revoked her probation status without affording [Appellant] the opportunity to secure an attorney or have an attorney appointed to represent her during the probation revocation hearing.
In her first two assignments of error, Appellant has argued that the juvenile court erred by failing to inform her of her right to counsel at the dispositional hearing and by failing to provide her the opportunity to secure counsel for the probation revocation hearing. We agree.
 A. The Right to Counsel at a Dispositional Hearing.
The Due Process Clause of the Fourteenth Amendment applies tojuveniles as well as adults. See In re Fulk (1999), 132 Ohio App.3d 470,471, citing In the Matter of Richardson (Mar. 15, 1999), Auglaize App. No. 2-98-27, unreported, and In re Gault (1967), 387 U.S. 1, 13,18 L.Ed.2d 527. Juv.R. 29(B)(3) states that the trial judge must inform an unrepresented party of his or her right to counsel "and determine if those parties are waiving their right to counsel[.]" While Juv.R. 29(B)(3) specifically addresses the parties' right to counsel at an adjudicatory hearing, it has been held that Juv.R. 29(B) entitles ajuvenile to legal representation at all stages of a juvenile proceeding.In re Kimble (1996), 114 Ohio App.3d 136, 139. The failure of the trial judge to inform a juvenile of his Juv.R. 29(B) rights constitutes reversible error. Id. at 140.
A juvenile may waive her right to counsel. However, "[t]he court must fully and clearly explain to [the] defendant [her] right to counsel and the defendant must then affirmatively waive that right on the record." Inre East (1995), 105 Ohio App.3d 221, 223.
 In order for such a waiver to be effective, the court must make an inquiry to determine whether the waiver was made voluntarily and knowingly, with `an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof and all other facts essential to a broad understanding of the whole matter.'
In re Kimble, 114 Ohio App.3d at 139, quoting Von Moltke v. Gillies(1948), 332 U.S. 708, 724, 92 L.Ed. 309, 321. In this case, Appellant did waive her right to counsel at the adjudicatory hearing, however she did not waive that right at the dispositional hearing. In fact, the juvenile court made absolutely no inquiry into Appellant's desire for counsel at the dispositional hearing. Therefore Appellant's first assignment of error is sustained.
 B. Appellant's Right to Counsel at the Probation Revocation Proceedings
In the case of In re Burton (1997), Cuyahoga App. No. 70141, unreported, 1997 Ohio App. LEXIS 3676, at * 5, the Eighth District Court of Appeals noted that the decision to appoint counsel in a probation revocation proceeding is left to the discretion of the trial court.[1]
The ruling in Burton does not indicate that a juvenile is never entitled to counsel at a probation revocation proceeding. It merely indicates that the court should take into consideration the circumstances surrounding the particular revocation proceedings. The court in Burton made special note of the fact that in that case the delinquent had previously been thoroughly advised of his right to counsel at the original probation revocation proceeding and had made a knowing and voluntary waiver of that right at that point. The matter was then continued to a later date. It was only at this later date that the right to counsel was not fully explored.
This case is wholly distinguishable from the circumstances in Burton. In this case Appellant was never informed of her right to counsel after she pled true at the adjudication hearing. In fact, as stated previously, there was absolutely no inquiry into her desire for counsel nor was there any indication of a waiver of that right. Therefore, while it is in the trial judge's discretion whether counsel should be appointed, in this case where the dispositional hearing and probation revocation were held simultaneously, the trial judge erred in failing to apprise Appellant of her right to counsel.
 ASSIGNMENT OF ERROR III The juvenile court erred to the prejudice of [Appellant] when it admitted unsworn testimony at the dispositional hearing.
Appellant has argued that the juvenile court erred when it permitted a witness to testify at the dispositional hearing without first being placed under oath. Pursuant to App.R. 12(A)(1)(c), this court's disposition of the first and second assignments of error renders the Appellant's third assignment of error moot and accordingly, it will not be addressed.
Judgment reversed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
CARR, J. WHITMORE, J. CONCUR
[1] The Eighth District in In re Burton (1997), Cuyahoga App. No. 70141, unreported, 1997 Ohio App. LEXIS 3676, came to this conclusion following the holding of the United States Supreme Court in Gagnon v.Scarpelli (1973), 411 U.S. 778, 787-790, 36 L.Ed.2d 656, regarding adult probation proceedings. While the Eighth District recognized that the formal procedures developed in adult probation hearings do not apply in juvenile cases, they looked to the extensive case-law that exists surrounding the adult proceedings for guidance. Burton, supra.