DECISION AND JUDGMENT ENTRY
This is an appeal from a Washington County Common Pleas Court, Juvenile Division, judgment that found Adam Husk to be a delinquent child for having committed the offense of domestic violence, in violation of R.C.2919.25(A), a felony of the fifth degree if committed by an adult.[1]
Appellant Adam Husk assigns the following errors for review.
 FIRST ASSIGNMENT OF ERROR: "ADAM HUSK WAS DENIED HIS RIGHT TO COUNSEL AS GUARANTEED BY THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT PROCEEDED WITH THE INSTANT DELINQUENCY CASE BEFORE OBTAINING A VALID WAIVER OF COUNSEL."
 SECOND ASSIGNMENT OF ERROR: "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ACCEPTED ADAM HUSK'S ADMISSION TO THE CHARGE OF DOMESTIC VIOLENCE."
 THIRD ASSIGNMENT OF ERROR: "THE TRIAL COURT VIOLATED ADAM HUSK'S RIGHT AGAINST SELF INCRIMINATION AS GUARANTEED BY THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10
OF THE OHIO CONSTITUTION, AND JUV.R. 29 WHEN IT SOLICITED INFORMATION ABOUT THE PENDING DELINQUENCY CASE BEFORE ADVISING ADAM OF HIS RIGHT TO REMAIN SILENT."
Our review of the record reveals the following facts. On November 3, 2000, a complaint was filed that alleged that on October 15, 2000, appellant, who was fourteen years old, committed an act of domestic violence in that he knowingly caused or attempted to cause physical harm to his brother. See R.C. 2919.25(A).
On December 4, 2000, the trial court held an adjudicatory hearing. Prior to asking appellant to admit or to deny the allegations, the trial court advised appellant as follows:
"You do have the right to have an attorney represent you. In the event that you would like an attorney and you could not afford to hire one, I would appoint one for you if you so requested, and you and your mother qualify financially.
"If you deny the charges, I would set this for a full trial at a later date. At that trial, you would be given the following rights. The first right would be to present any evidence you would like to. You could tell me whatever you wanted to; you could have people testify that could come in on your behalf.
"You would also have the right to question any witnesses that the State of Ohio would call to testify.
"You would also at that trial * * * have the right to just remain silent, not say anything, and you would have the right to have an attorney there as well.
"Do you understand everything that I've explained?"
Appellant responded, "[y]eah."
The trial court then asked appellant whether he admitted or denied that he hurt his brother. Appellant admitted the charge.
On December 5, 2000, the trial court found appellant to be a delinquent child. On December 13, 2000, the trial court held a dispositional hearing. At the hearing, the trial court again advised appellant of his right to counsel. The trial court then asked appellant whether he wished to have an attorney. Appellant responded that he did not. The trial court subsequently committed appellant to the Ohio Department of Youth Services for a minimum of six months and a maximum period not to exceed the age of twenty-one.
On April 19, 2002, appellant filed a timely notice of appeal pursuant to In re Anderson (2001), 92 Ohio St.3d 63, 2001-Ohio-131,768 N.E.2d 1182.[2]
 I
In his first assignment of error, appellant asserts that the trial court failed to properly determine whether appellant waived his right to counsel prior to proceeding with the adjudicatory hearing. Appellant contends that although the court informed appellant of his right to counsel, the court failed to ascertain whether appellant knowingly, intelligently, and voluntarily waived that right. We agree with appellant.
Initially, we note that a reviewing court will not reverse a juvenile court's decision if the juvenile court substantially complied with Juv.R. 29. See, e.g., In re Terrance P. (1998), 129 Ohio App.3d 418,425, 717 N.E.2d 1160. A failure to substantially comply with Juv.R. 29 constitutes prejudicial error that warrants a reversal of the judgment so as to permit the juvenile to plead anew. See In re Royal (1999),132 Ohio App.3d 497, 725 N.E.2d 685; In re Christopher R. (1995),101 Ohio App.3d 245, 248, 655 N.E.2d 280.
A juvenile is entitled to counsel at all stages of a delinquency proceeding. See In re Kimble (1996), 114 Ohio App.3d 136, 139,682 N.E.2d 1066; see, also, R.C. 2151.352;[3] Juv.R. 4(A).[4] In Inre Gault (1967), 387 U.S. 1, 36, 87 S.Ct. 1428, 18 L.Ed.2d 527, the court explained the importance of the right to counsel in juvenile court proceedings:
"The juvenile needs the assistance of counsel to cope with problems of law, to make skilled inquiry into the facts, to insist upon the regularity of the proceedings, and to ascertain whether he has a defense and to prepare and submit it. The child `requires the guiding hand of counsel at every step in the proceedings against him.'"
Thus, Juv.R. 29(B)(3) requires the trial court to "[i]nform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel[.]"
A juvenile may waive the right to be represented by counsel, with permission of the trial court. See Juv.R. 3. When a juvenile waives his right to counsel, the trial court must make a sufficient inquiry to determine whether the juvenile knowingly, voluntarily, and intelligently waives that right. See In re Johnson (1995), 106 Ohio App.3d 38, 41,665 N.E.2d 247. A voluntary, knowing, and intelligent waiver of the right to counsel must affirmatively appear on the record. See In re East
(1995), 105 Ohio App.3d 221, 223, 663 N.E.2d 983; In re Kuchta (Mar. 10, 1999), Medina App. No. 2768-M; In re Montgomery (1997),117 Ohio App.3d 696, 700, 691 N.E.2d 349; In re Woolridge, Summit App. No. 20680, 2002-Ohio-828.
"In order for such a waiver to be effective, the court must make an inquiry to determine whether the waiver was made voluntarily and knowingly, with `an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof and all other facts essential to a broad understanding of the whole matter.' In re Kimble,114 Ohio App.3d at 139, quoting Von Moltke v. Gillies (1948), 332 U.S. 708, 724,92 L.Ed. 309, 321." In re Sproule (Jan. 17, 2001), Lorain App. Nos. 00CA7575 and 00CA7580. "[A delinquency] adjudication proceeding cannot go forward unless the juvenile is represented by counsel or there has been a valid waiver of the right to counsel." In re Johnston (2001),142 Ohio App.3d 314, 319, 755 N.E.2d 457. Failure to do so constitutes reversible error. Id.
In the case at bar, we agree with appellant that the trial court failed to obtain an explicit and, thus, an effective waiver of appellant's right to counsel before proceeding to adjudication. At the adjudicatory stage, the trial court did not explicitly ask appellant whether appellant wished to waive his right to counsel. Instead, the trial court advised appellant of his various constitutional rights and then asked appellant if he understood those rights. However, informing a juvenile of the right to counsel and then asking the juvenile whether he understands that right is insufficient to establish a valid waiver of the right to counsel. See, generally, In re Smith (2001), 142 Ohio App.3d 16, 753 N.E.2d 930
(concluding that the court failed to inform the juvenile of the "nautre" of the right to counsel); In re K.J., Cuyahoga App. Nos. 79612 and 79940, 2002-Ohio-2615.
Accordingly, based upon the foregoing reasons, we sustain appellant's first assignment of error, reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.
 II
Our resolution of appellant's first assignment of error renders appellant's remaining two assignments of error moot and we will not address them. See App.R. 12(A)(1)(c).
Judgment reversed and remanded for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J. Evans, J. Concur in Judgment Opinion.
[1] A trial court may enter a finding of delinquency when the evidence demonstrates, beyond a reasonable doubt, that the child committed an act which would have constituted a crime if committed by an adult. R.C.2151.35(A); Juv.R. 29(E).
[2] In Anderson, the Ohio Supreme Court held that an appeal filed two and one-half years after journalization of the trial court's commitment order was timely because the trial court did not comply with Civ.R. 58(B). Civ.R. 58(B) requires the trial court to endorse upon its entry a "direction to the clerk to serve upon all the parties * * * notice of the judgment and its date of entry upon the journal."
[3] {¶ a} R.C. 2151.352 provides:
 {¶ b} A child, his parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he is unable to employ counsel, to have counsel provided for him * * *. If a party appears without counsel, the court shall ascertain whether he knows of his right to counsel and of his right to be provided with counsel if he is an indigent person.
[4] Juv.R. 4(A) provides: "Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent."