OPINION
{¶ 1} Appellant, James Styer ("Appellant"), appeals from an adjudication of delinquency and subsequent probation revocation entered by the Union County Common Pleas Court, Juvenile Division, claiming that his admission of guilt and waiver of counsel were not knowingly, intelligently, and voluntarily made. Because Appellant was not apprised of the nature of the charges against him or any possible defenses or mitigating factors in his favor, his waiver of counsel was not knowingly made. Moreover, by not explaining to Appellant that an admission to the charges would waive his rights associated with going to trial, the court did not properly accept his admission. For these reasons, we must reverse the decision of the trial court.
 {¶ 2} Facts and procedural posture pertinent to the issues raised on appeal are as follows. On June 22, 2000, a complaint was filed in the Union County Juvenile Court, charging Appellant with importuning, a first degree misdemeanor in violation of R.C. 2908.07, and sexual battery, a third degree felony in violation of R.C. 2907.03. The actions leading to the complaint consisted of Appellant coercing his younger brother to perform oral and anal sex upon him and Appellant's performance of the same on his brother. Evidence indicates that Appellant had been sexually abused by his father when he was a young child.
 {¶ 3} At the initial appearance before the magistrate, Appellant waived his rights to an attorney and admitted to the charges. Accordingly, the magistrate adjudicated Appellant delinquent and proceeded to disposition. Appellant received a suspended commitment of six months to age twenty-one to the Department of Youth Services, with the condition that he satisfy the imposed probation requirements. As part of his probation, Appellant was ordered to complete an in-patient sexual offender treatment program.
 {¶ 4} Thereafter, the court was notified by Appellant's probation officer that Appellant had violated probation by not cooperating with his in-patient treatment. Therefore, the trial court set a probation violation hearing for December 6, 2000. At the hearing, Appellant again waived his right to counsel and admitted that he violated probation. The trial court then imposed the suspended sentence, and further ordered that Appellant receive sex offender treatment while in the custody of the Department of Youth Services.
 {¶ 5} From both his adjudicatory and probation revocation hearings, Appellant appeals, asserting the following two assignments of error for our review:
 {¶ 6} "The court violated the juvenile's Sixth Amendment right to counsel as well as the juvenile's statutory right to counsel under R.C.2151.352, Juv.R. 29(B), and the juvenile's plea was not knowingly and voluntarily entered in violation of his due process rights."
 {¶ 7} "There are not sufficient facts in the record to indicate that the juvenile committed any crime."
 {¶ 8} Appellant contends that his waiver of counsel and admission of guilt at both his adjudicatory hearing and probation revocation hearing were not properly accepted by the juvenile court. Based upon the following rationale, we find that neither Appellant's waiver of counsel nor admission of guilt at the adjudicatory hearing complied with Juv.R. 29. Accordingly, Appellant's arguments with respect to his probation revocation hearing, as well as his second assignment of error, have been rendered moot.
 {¶ 9} With respect to the right to counsel in a juvenile proceeding, Juv.R. 4(A), Juv.R. 29(B), and R.C. 2151.352 entitle a juvenile to be represented by counsel at all stages of a juvenile court proceeding. Juv.R. 3 allows the rights of a child to be waived with permission of the court. In order for such a waiver to be effective, the court must make an inquiry to determine whether the waiver was made voluntarily and knowingly, with "an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter."[1] Moreover, upon the commencement of an adjudicatory hearing against a juvenile, Juv.R. 29(B) requires the court to do the following with regards to the appointment of counsel:
 {¶ 10} "(3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;
 {¶ 11} "(4) Appoint counsel for any unrepresented party under Juv.R. 4(A) who does not waive the right to counsel;
 {¶ 12} "(5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent."
 {¶ 13} This rights dialogue is mandatory, and failure to advise the child of these constitutionally afforded protections constitutes reversible error.[2]
 {¶ 14} Additionally, with regard to a juvenile's entry of an admission, Juv.R. 29(D) provides that "[t]he court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 15} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 {¶ 16} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 17} The dialogue between the trial court and Appellant does not support that Appellant waived his right to an attorney or admitted to the charges against him in a knowing manner. Before specifically addressing each in turn, we note that the best method for obtaining Juv.R. 29 compliance is for a court to use the language of the rule, "`carefully tailored to the child's level of understanding, stopping after each right and asking whether the child understands the right'" and knows what he is waiving.[3] While the trial court in this case discussed an array of rights attributable to Appellant, including his right to counsel and the right to remain silent, the court never associated them with Appellant's waiver of counsel or the effect of an admission. Instead, the court engaged in a seemingly hap-hazard discussion of rights, penalties, and other topics unrelated to this appeal, ending with an inquiry of whether Appellant wanted to proceed without an attorney and whether he wanted to admit to the charges.
 {¶ 18} More specifically, with respect to his waiver of counsel, Appellant was never informed of the nature of the charges against him. Although the trial court was not required to give a lengthy explanation of each element of the offenses charged, it was required to make sure Appellant had at least a basic understanding of the charges brought against him.[4] Herein, the trial court referenced that he was charged with importuning and sexual battery, but it never explained those offenses or clearly apprised Appellant as to what was stated in the complaint. In addition, the court made no mention of possible defenses or mitigating circumstances that relate to Appellant's situation, i.e., Appellant's own sexual victimization when he was a young child. Therefore, we are unable to find that Appellant's waiver of counsel was knowingly made.
 {¶ 19} As far as Appellant's admission, we similarly find that it was not knowingly made. The trial court explained what the possible ramifications would be if he admitted the charges, including the types of punishments associated therewith, and what his rights would be if he took the matter to trial, including his right to challenge witnesses and evidence, to remain silent, and to introduce his own evidence. However, Appellant was not informed that if he admitted to the charges he would be losing the mentioned rights associated with trial.[5] Accordingly, since Appellant was not adequately apprised of the consequences of admitting to the charges, his admission was not knowingly made.
 {¶ 20} For these reasons, Appellant's first assignment of error is sustained.
 {¶ 21} Having found error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
 SHAW, P.J., and HADLEY, J., concur.
[1] In re Kimble (1996), 114 Ohio App.3d 136, 139, quoting Von Moltkev. Gillies (1948), 332 U.S. 708, 724; In re Hernandez (May 21, 1996),Seneca App. No. 13-95-53; In re Sproule (Jan. 17, 2001), Lorain App.Nos. 00CA007575, 00CA007580.
[2] In re Kimble, 114 Ohio App.3d at 139, citing In re Smith (1991),77 Ohio App.3d 1.
[3] In re Manns (Jan. 9, 2002), Lorain App. No. 01CA007875,2002-Ohio-85, quoting In re Miller (1997), 119 Ohio App.3d 52, 58.
[4] In re Bowen (Jan. 8, 2001), Stark App. No. 2000CA00037, citing Inre Flynn (1995), 101 Ohio App.3d 778, 782. See, also, In re Orr (Apr. 3,2000), Tuscarawas App. No. 1999AP040032.
[5] In re Fulk (1999), 132 Ohio App.3d 470, 472, 1999-Ohio-840.