IN RE ANDREW.

[Cite as *In re Andrew*, 119 Ohio St.3d 466, 2008-Ohio-4791.]

(No. 2007–0728—Submitted April 8, 2008—Decided September 25, 2008.)

PFEIFER, J.

## I.  Facts and Procedural History

{¶ 1} Appellant, Justin Andrew, was adjudicated a delinquent child and was committed to the custody of the Department of Youth Services.  When he was 17 years old, Andrew allegedly violated the terms of his parole.  His parole-violation hearing did not take place until after Andrew had turned 18.  At that hearing, the court determined that Andrew had waived his right to counsel, revoked his parole, and committed him to the custody of the Ohio Department of Youth Services.

{¶ 2} Andrew appealed.  The court of appeals determined that because Andrew was 18 years old and therefore not a child when he waived his right to counsel, R.C. 2151.352 was inapplicable.  The court of appeals also determined that Andrew's "waiver of counsel was knowingly, voluntarily, and intelligently made."  Accordingly, the court of appeals affirmed the judgment of the juvenile court.  For the reasons that follow, we reverse and remand the cause to the juvenile court.

## II.  Analysis

{¶ 3} The issue before us is whether Andrew was a "child," even though he was 18 years old, when he putatively waived his right to counsel.  If he was not a child, he was entitled to waive his right to counsel in the same manner as any other adult.  See *Iowa v. Tovar* (2004), 541 U.S. 77, 88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (the Constitution of the United States requires that "any waiver of the right to counsel be knowing, voluntary, and intelligent"); *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, paragraph two of the syllabus ("In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right").  See also Crim.R. 44.  If Andrew was a child, he cannot waive his right to counsel unless he is "advised by his parent, custodian, or guardian [or has] consulted with an attorney." *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, at ¶ 98.  See R.C. 2151.352.

{¶ 4} A "child" is "a person who is under eighteen years of age, except as otherwise provided in divisions (C)(2) to (6) of this section."  R.C. 2152.02(C)(1). R.C. 2152.02(C)(6) provides the only exception relevant to this case and states, "The juvenile court has jurisdiction over a person who is adjudicated a delinquent child * * * prior to attaining eighteen years of age until the person attains twenty-one years of age, and, for purposes of that jurisdiction related to that adjudication, * * * a person who is so adjudicated a delinquent child * * * shall be deemed a 'child' until the person attains twenty-one years of age."

{¶ 5} It is uncontroverted that the juvenile court properly exercised jurisdiction over Andrew's parole hearing.  The first clause of R.C. 2152.02(C)(6) plainly provides that a juvenile court retains jurisdiction over a person adjudicated a delinquent child "until the person attains twenty-one years of age."  The state's position is that R.C. 2152.02(C)(6) relates solely to jurisdiction; Andrew's position is that R.C. 2152.02(C)(6) means that Andrew is a "child" for all purposes related to his prior adjudication as a delinquent child.

{¶ 6} If R.C. 2152.02(C)(6) related only to jurisdiction, the second clause would be unnecessary.  But "[i]t is of course a part of the act, and if possible the court should give meaning to every word in every act."  *State ex rel. Mitman v. Greene Cty. Bd. of Commrs.* (1916), 94 Ohio St. 296, 308, 113 N.E. 831; *E. Ohio Gas Co. v. Pub. Util. Comm.* (1988), 39 Ohio St.3d 295, 299, 530 N.E.2d 875 ("a basic rule of statutory construction [is] that words in statutes should not be construed to be redundant, nor should any words be ignored").  See *Steele, Hopkins Meredith Co. v. Miller* (1915), 92 Ohio St. 115, 120, 110 N.E. 648 ("no portion of a written constitution should be regarded as superfluous").  We conclude that a person over the age of 18, who is deemed a child pursuant to the second clause of R.C.

2152.02(C)(6), is so deemed for purposes other than determining jurisdiction. Further, we conclude that the second clause of (C)(6) means that when a juvenile court is exercising jurisdiction over a person adjudicated a delinquent child pursuant to the matter for which the person was adjudicated delinquent, the person adjudicated delinquent shall be treated as a child until he reaches the age of 21.

{¶ 7} We next apply R.C. 2152.02(C)(6) to the matter before us. Though Andrew was over 18 years old when he appeared at the parole-violation hearing, he was not yet 21, and the court was exercising jurisdiction on a matter related to his prior adjudication as a delinquent child. Accordingly, Andrew is deemed a child for purposes of the juvenile court's exercise of jurisdiction over him.

{¶ 8} As a child, Andrew "is entitled to representation by legal counsel at all stages of the proceedings." R.C. 2151.352. This statutory provision codifies and expands "a juvenile's constitutional right to appointed counsel." *In re C.S.*, 115 Ohio St.3d 267, 874 N.E.2d 1177, at ¶ 83. A parole-violation hearing of a person adjudicated a delinquent child is a delinquency proceeding. Accordingly, Andrew "may not waive his right to counsel" unless he is "counseled by his parent, guardian, or custodian [or has] consulted with an attorney." Id. at paragraph two of the syllabus. Andrew appeared at the parole-violation hearing without a parent, custodian, or guardian, and without the counsel of an attorney. Andrew was, therefore, unable to waive his right to counsel, even though he was over the age of 18 and arguably made what would have been a knowing, voluntary, and intelligent waiver of counsel. R.C. 2151.352. We reverse the judgment of the court of appeals and remand the cause to the juvenile court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

LUNDBERG STRATTON, O'DONNELL, and LANZINGER, JJ., concur.

MOYER, C.J., and O'CONNOR and CUPP, JJ., dissent.

———

**O'CONNOR, J., dissenting.**

{¶ 9} There is no dispute that Justin Andrew was 18 years of age at the time he waived his right to counsel in his parole-violation hearing. The majority nevertheless concludes that he must be considered a "child" who could waive his right to counsel only after consulting with his parent, custodian, guardian, or attorney and that we must remand this case so that he can do so.

{¶ 10} I dissent.

## I. Facts and Procedural History

{¶ 11} Andrew has been under the supervision of the juvenile court since November 2002, according to his brief, when at the age of 15, he was adjudicated a delinquent child.

{¶ 12} In March 2005, he allegedly violated the conditions of his parole by leaving his court-ordered placement, where he had been receiving therapy as a sexual offender. Three months later, he turned 18 years old.

{¶ 13} In February 2006, the juvenile court held a hearing on the alleged parole violation. Andrew appeared at that hearing without a parent, guardian, or attorney.

{¶ 14} It is undisputed that the juvenile magistrate informed Andrew that he had a right to legal counsel at the hearing. It is also undisputed that the magistrate told Andrew that he would continue the hearing so that Andrew could retain an attorney or, if he could not afford one, that the court would appoint one for him.

{¶ 15} After some additional discussion between the magistrate and Andrew about whether Andrew wished to go forward without counsel,[1] the magistrate proceeded with the revocation hearing without an attorney acting on Andrew's behalf. Approving the magistrate's decision, the court subsequently found that Andrew had violated the conditions of his parole and remanded him to the custody of the Department of Youth Services.

## II. Analysis

{¶ 16} If Andrew was an adult in February 2006, he could waive his right to counsel. *Iowa v. Tovar* (2004), 541 U.S. 77, 88, 124 S.Ct. 1379, 158 L.Ed.2d 209; *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, paragraph two of the syllabus. If Andrew was a child, however, he could not have waived counsel without being counseled or advised by a parent, guardian, custodian, or attorney. *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 98.

{¶ 17} In determining whether Andrew was an adult or a child, we are guided by Ohio's juvenile court statutes, R.C. Chapter 2151.

{¶ 18} R.C. 2152.02(C)(1) defines "child" as "a person who is under eighteen years of age, except as otherwise provided in divisions (C)(2) to (6) of this section." Because Andrew is not under the age of 18, the majority turned to the

---

1. The transcript of the hearing is incomplete. The state asserts that at the hearing, Andrew waived his right to counsel. Andrew, however, alleges that the court did not obtain a valid waiver from him before proceeding. The issue of waiver, however, is not before us. The sole question here is whether Andrew is a "child."

statutory exceptions in R.C. 2152.02(C),[2] finding only one of them relevant, R.C. 2152.02(C)(6). That exception states, "The juvenile court has jurisdiction over a person who is adjudicated a delinquent child * * * prior to attaining eighteen years of age until the person attains twenty-one years of age, and, for purposes of that jurisdiction related to that adjudication, * * * a person who is so adjudicated a delinquent child * * * shall be deemed a 'child' until the person attains twenty-one years of age."

{¶ 19} The majority rejects the state's argument that R.C. 2152.02(C)(6) relates only to the juvenile court's jurisdiction because the majority finds that that construction would render the second clause of the exception—"for purposes of that jurisdiction related to that adjudication"—superfluous. The sole authority for the majority's erroneous conclusion is a general reference to familiar maxims of statutory interpretation that provide that "if possible the court should give meaning to every word in every act," *State ex rel. Mitman v. Greene Cty. Bd. of Commrs.* (1916), 94 Ohio St. 296, 308, 113 N.E. 831, and that no words in a statute should be ignored. *E. Ohio Gas Co. v. Pub. Util. Comm.* (1988), 39 Ohio St.3d 295, 299, 530 N.E.2d 875. Yet the majority fails to heed the very maxims it cites, ignoring the fact that the second clause of the definition clearly states that its definition of child is "for purposes of that jurisdiction" that relate to the child's adjudication.

{¶ 20} The General Assembly's use of the jurisdictional phrase in subsection R.C. 2152.02(C)(6) serves merely to reiterate that a "child" is any person within the juvenile court's *jurisdiction.* Indeed, that exception is the only one in R.C. 2152.02(C) that refers to jurisdiction.

{¶ 21} In incorporating the jurisdictional element, the exception largely reiterates the first definition of "child" in R.C. Chapter 2151, which appears in R.C. 2151.011(B)(5). That definition states that a "child" is "a person who is under eighteen years of age, except that the juvenile court has jurisdiction over any person who is adjudicated an unruly child prior to attaining eighteen years of age until the person attains twenty-one years of age, and, for purposes of that jurisdiction related to that adjudication, a person who is so adjudicated an unruly child shall be deemed a 'child' until the person attains twenty-one years of age." R.C. 2151.011(B)(5).

{¶ 22} The meaning of the first clause in that definition is a simple matter of common sense and experience: a "child" is "a person who is under eighteen years of age."

---

2. For purposes here, I assume only for the sake of argument that R.C. 2152.02 has any relevance to the statute that is critical here, R.C. 2151.352, which provides the statutory right to counsel in juvenile cases. As set forth at the outset of the text of R.C. 2152.02, the definitions set forth there apply only to that chapter, i.e., R.C. Chapter 2152.

{¶ 23} The second clause expounds on the common understanding of "child." It adds that the juvenile court also has jurisdiction "over any person who is adjudicated an unruly child prior to attaining eighteen years of age until the person attains twenty-one years of age." The second clause merely indicates that the juvenile court's jurisdiction over a "child" includes not only a child under the age of 18, but also extends to "*any* person" (emphasis added) who, like Andrew, was adjudicated a delinquent prior to the age of 18.

{¶ 24} The third clause then clarifies that "for purposes of that jurisdiction related to that adjudication," i.e., the juvenile court's jurisdiction over the adjudication of "any person" younger than 18, "a person who is so adjudicated an unruly child shall be deemed a 'child' until the person attains twenty-one years of age."

{¶ 25} The legislature's repetition and use of phrases that reflect the juvenile court's retained jurisdiction over a "child" who is over 18 is understandable.

{¶ 26} In part, that repetition is the function of the repeated modifications of the portions of the Revised Code that define and govern the juvenile court's jurisdiction. See, e.g., Am.Sub.H.B. No. 124, 146 Laws of Ohio, Part II, 2034 (effective Mar. 31, 1997), the purposes of which, as stated in its title, included amending various sections of R.C. Chapter 2151 "to require a person who commits a felony while under 18 and who is not apprehended until after the person is 21 to be tried as an adult; to require a child bound over for prosecution as an adult and held in an adult detention facility to remain beyond the range of touch of detained adults * * *; to clarify court jurisdiction regarding certain mandatory bindovers; * * * [and] to permit all juvenile court dispositional orders to extend until the child is 21." Indeed, R.C. 2151.23 alone, which governs the juvenile court's jurisdiction, has been amended 35 times since 1969.

{¶ 27} The repetition also reflects the fact that an array of important questions has arisen over the juvenile court's jurisdiction. Cases involving those issues include ones in which the juvenile court's continuing jurisdiction is challenged, see, e.g., *In re Gillespie,* 150 Ohio App.3d 502, 2002-Ohio-7025, 782 N.E.2d 140, and those in which a minor commits a crime and enters the juvenile court system as a child under the age of majority, but is sentenced or resentenced in juvenile court after reaching the age of majority, see, e.g., *In re Hennessey* (2001), 146 Ohio App.3d 743, 746-747, 768 N.E.2d 663. Those cases, like transfer cases under R.C. 2152.12, raise important public-policy questions of which the General Assembly is undoubtedly aware.

{¶ 28} Contrary to the majority's apparent conclusion that R.C. 2152.02(C)(6) somehow mandates that we must treat an adult like Andrew as a "child" for purposes of R.C. 2151.352, which confers on juveniles a statutory right to counsel, I would hold that the General Assembly's repetition of the term "jurisdiction" in

R.C. 2152.02(C)(6) is an understandable attempt to make clear its intent that the juvenile court retains jurisdiction over "any person" who is adjudicated delinquent, even after that "child" reaches the age of majority. That result is not only consistent with Ohio's encompassing statutory scheme for the juvenile courts and our juvenile court rules, see 1998 Staff Note to Juv.R. 2, Definitions, 83 Ohio St.3d CXXI (noting that "the definition of the term 'child' appears to be a matter of substantive law since it deals with a jurisdiction issue * * *"), but is also the result that more truly comports with the rules of statutory construction.

{¶ 29} Those rules of construction demand that we give the critical phrase "for purposes of that jurisdiction related to that adjudication" the due attention and weight the legislature intended and, importantly, require that we attempt to interpret statutes in a manner that avoids absurd results. See, e.g., *State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 28.

{¶ 30} To hold that Andrew was an 18–year–old "child" who could not waive his right to counsel will lead to the "unreasonable or absurd consequences" we are expected to avoid. See *Castleberry v. Evatt* (1946), 147 Ohio St. 30, 33 O.O. 197, 67 N.E.2d 861, paragraph two of the syllabus.

{¶ 31} Andrew's 18th birthday conferred on him an array of legal rights and privileges—to enter into contracts on his own behalf, to consent to or refuse medical treatment, to be married. But the majority holds that despite all of the attendant rights that come with attaining the age of majority, and although juveniles older than 16 exhibit understanding of *Miranda* rights on a par with adults, see Barry C. Feld, Juveniles' Competence to Exercise *Miranda* Rights: An Empirical Study of Policy and Practice (2006), 91 Minn.L.Rev. 26, 99, Andrew must nevertheless be counseled by his parent, custodian, or guardian before waiving his right to counsel—even in a court system with which he is quite familiar. That result not only infantilizes the appellant and frustrates the goals and rehabilitative milieu of the juvenile court system, see, e.g., *C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 97, citing *In re Manuel R.* (1988), 207 Conn. 725, 735–736, 543 A.2d 719 ("we believe that the waiver of counsel decision, *in itself,* can be a significant rehabilitative moment for the child" [emphasis sic]), but strains credulity.

{¶ 32} Moreover, it implicates the Equal Protection Clause to hold that Andrew, an 18–year–old man, cannot waive his right to counsel because he appeared in a juvenile court but that another similarly situated 18–year–old man who committed the identical offense could waive that right if he appeared in a common pleas court, which has the power to impose far more severe punishment than that available in the juvenile court.

{¶ 33} Because nothing in logic, common sense, R.C. Chapter 2151, or *In re C.S.* supports the conclusion reached by the majority, I dissent.

MOYER, C.J., and CUPP, J., concur in the foregoing opinion.

---

Timothy Young, Ohio Public Defender, and Elizabeth R. Miller, Assistant State Public Defender, for appellant, Justin Andrew.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellee, state of Ohio.