**In re BUCHOLTZ.**

[Cite as *In re Bucholtz,* 179 Ohio App.3d 249, 2008-Ohio-5826.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–07–85.

Decided Nov. 10, 2008.

Jerome Doute, for appellant.

Juergen A. Waldick, Allen County Prosecuting Attorney, and Anthony J. Miller, Assistant Prosecuting Attorney, for appellee.

SHAW, Presiding Judge.

{¶ 1} Delinquent-appellant, Travis Bucholtz, appeals from the October 24, 2007 magistrate's decision and order of the court on admission of the Court of Common Pleas, Allen County, Ohio, Juvenile Division, revoking Bucholtz's parole and returning him to the custody of the Ohio Department of Youth Services ("DYS") for a minimum period of 30 days and a maximum period not to exceed his attainment of the age of 21.

{¶ 2} This matter appears to have originated in December 2006, when a complaint was filed alleging that Bucholtz was a delinquent child based on a violation of R.C. 2913.51(A)(C)—receiving stolen property, a felony of the fourth degree if committed by an adult. On February 7, 2007, Bucholtz admitted to the charge of receiving stolen property. Based on his admission, Bucholtz was ordered committed to DYS for a minimum period of six months and a maximum period not to exceed his attainment of the age of 21.

{¶ 3} Bucholtz was paroled from DYS on September 24, 2007. On September 29, 2007, Bucholtz violated his parole by leaving his approved residence and failing to return, despite his placement on house arrest. This amounted to a

violation of three of the rules of his parole. Pursuant to his parole violation, an order of apprehension was issued for Bucholtz.

{¶ 4} Bucholtz was subsequently apprehended and, on October 18, 2007, he admitted to the parole violation. The juvenile court ordered that Bucholtz's parole be revoked and committed him to DYS for a minimum period of 30 days and a maximum period not to exceed his attainment of the age of 21.

{¶ 5} Bucholtz now appeals, asserting one assignment of error.

## ASSIGNMENT OF ERROR

Where a juvenile offender is paroled from the Ohio Dept. of Youth Services and is alleged to have violated the terms and conditions of his parole, the trial court errs when, at a pre-hearing on the allegation of parole violation, the court accepts the alleged offender's waiver of counsel without making sure the alleged offender's waiver was knowingly, intelligently and voluntarily presented to the court.

{¶ 6} In his assignment of error, Bucholtz argues that the trial court erred by denying him his right to counsel. The Ohio Supreme Court has recognized that a juvenile has the right to the assistance of counsel in juvenile court proceedings involving criminal aspects. *In re Anderson* (2001), 92 Ohio St.3d 63, 66, 748 N.E.2d 67, citing *In re Gault* (1967), 387 U.S. 1, 31–57, 87 S.Ct. 1428, 18 L.Ed.2d 527. Moreover, the Ohio Rules of Juvenile Procedure also provide for a right to counsel in juvenile proceedings. Juv.R. 4(A) provides that "[e]very party shall have the right to be represented by counsel."

{¶ 7} In *In re C.S.*, the Ohio Supreme Court revisited the issue of a juvenile's right to counsel, noting that " 'numerous constitutional safeguards normally reserved for criminal prosecutions are equally applicable to juvenile delinquency proceedings.' " *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 73, citing *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 26.

{¶ 8} To waive the right to counsel, an effective waiver must be voluntary, knowing, and intelligent. *In re C.S.* at ¶ 106, citing *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399. To determine whether a valid waiver of the right to counsel has occurred, the court is to apply a totality-of-the-circumstances test. *In re C.S.* at ¶ 108; see also *In re Ramon*, 3rd Dist. No. 4–07–03, 2007-Ohio-5768, 2007 WL 3132167. In applying the totality-of-the-circumstances test, a judge is to consider the

age, intelligence, and education of the juvenile; the juvenile's background and experience generally and in the court system specifically; the presence or absence of the juvenile's parent, guardian, or custodian; the language used by

the court in describing the juvenile's emotional stability; and the complexity of the proceedings.

Id. *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, at paragraph four of the syllabus.

{¶ 9} In addition to the application of the totality-of-the-circumstances test to determine whether counsel has been validly waived, the juvenile court must also comply with procedural guidelines addressed in *In re C.S.* In determining the appropriate form of a waiver of the right to counsel, the court specified that when a juvenile is charged with a serious offense, the waiver of the right to counsel must be made in open court, recorded, and in writing. *In re C.S.*, ¶ 109. This requirement is analogous to the requirement for adult offenders charged with a serious offense. *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024 (the *Brooke* court defined a serious offense as one where the penalty includes confinement of more than six months. The court also required that the written waiver be filed with the trial court).

{¶ 10} In addition to the execution of a valid waiver in form, prior to the commencement of an adjudicatory hearing, the juvenile court must also comply with the requirements of Juv.R. 29. This court has recognized that upon the commencement of an adjudicatory hearing against a juvenile, Juv.R. 29(B) requires the court to do the following:

(1) Ascertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance;

(2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv.R. 30 where the complaint alleges that a child fifteen years of age or over is delinquent by conduct that would constitute a felony if committed by an adult;

(3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;

(4) Appoint counsel for any unrepresented party under Juv.R. 4(A) who does not waive the right to counsel;

(5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross examine witnesses, and upon request, to have a record of all proceedings made, at public expense if indigent.

*In re Kimble* (1996), 114 Ohio App.3d 136, 139–140, 682 N.E.2d 1066. The Ohio Supreme Court confirmed this application of Juv.R. 29. *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 111.

{¶ 11} In *Kimble*, this court further recognized that "[t]his rights dialogue is mandatory, and failure to advise the child of these constitutionally afforded protections constitutes reversible error." *In re Kimble*, 114 Ohio App.3d at 140, 682 N.E.2d 1066, citing *In re Smith* (1991), 77 Ohio App.3d 1, 601 N.E.2d 45. The *C.S.* court adopted the position of many appellate districts holding that " '[w]hile the failure to inform a juvenile of her rights under Juv.R. 29(B) constitutes reversible error, this court has required only substantial compliance with the rule.' " *In re C.S.*, at ¶ 112, quoting *In re Bays*, Green App. Nos. 2002–CA–52 and 2002–CA–56, 2003-Ohio-1256, 2003 WL 1193787, ¶ 7.

{¶ 12} In the present case, we note that Bucholtz was 18 years of age at the time of his parole-violation hearing. At the hearing, the following conversation between the juvenile court and Bucholtz occurred, prior to Bucholtz entering his admission.

Magistrate: Okay. You have the right to remain silent. You have the right to have a lawyer. If you want a lawyer, the Court can appoint one for you at no cost, if you're eligible. You also have the right to have a trial. At trial, the prosecutor would be required to prove the charge beyond a reasonable doubt. At the trial, you would have the opportunity to cross examine or ask questions of any witness the prosecutor would call to testify. At the trial, you could bring your own witnesses and your own evidence into Court using the Court's subpoena power, if necessary. Do you understand your rights?

Bucholtz: Yes, sir.

Magistrate: If you're found to be guilty of the parole violation, you could be continued on parole or your parole could be revoked * * * could be revoked, in which case you would be returned to the secure custody of the Department of Youth Services for a minimum period of * * * 30 days.

Magistrate: You could be fined up to $50. You could be ordered to pay court costs. Do you understand the possible consequences if you're found to be guilty?

Bucholtz: Yes, sir.

Magistrate: Do you have any questions?

Bucholtz: No, sir.

Magistrate: Travis, there are two different pleas that we use at Juvenile Court. If you feel that you did commit the parole violation, you should admit. An admission means the same as guilty in adult court. If, on the other hand, you feel that you did not commit the parole violation, or you believe you have a good defense to the charge, or you want more time to talk to a lawyer, you should deny the charge. A denial, of course, means not guilty. If you deny the charge, I'll schedule your case for a pre-trial conference at a later date. If you admit there will be no pre-trial conference. There will be no trial. I'll try

to wrap things up today. Do you understand the difference between admit and deny?

Bucholtz: Yes, sir.

Magistrate: Do you want to admit or deny the charge?

Bucholtz: Admit.

Magistrate: If you admit, you're giving up your right to a trial and your right to have a lawyer represent you. Do you understand that?

Bucholtz: Yes, sir.

{¶ 13} Additionally, in reviewing Bucholtz's admission, we are mindful of two additional factors. First, this is not a trial on a new criminal charge, but instead is a parole-revocation hearing. Second, although the admission was conducted in juvenile court, Bucholtz had obtained the age of majority prior to the hearing in question.

{¶ 14} This court has held that although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding. *State v. Ryan*, 3rd Dist. No. 14–06–55, 2007-Ohio-4743, 2007 WL 2694389, citing *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656. The minimum due-process requirements for revocation hearings are:

(a) Written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking [probation or] parole.

*State v. Miller* (1975), 42 Ohio St.2d 102, 104, 71 O.O.2d 74, 326 N.E.2d 259, quoting *Morrissey v. Brewer* (1972), 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484.

{¶ 15} Reviewing the discussion between Bucholtz and the juvenile court, we find that based on the totality of the circumstances, Bucholtz's waiver substantially complies with the requirements articulated in *In re C.S.* and Juv.R. 29. The trial court attempts several times to assure that Bucholtz understands his rights, even further enquiring, after he admits to the charge, whether he knew he was giving up his right to counsel.

{¶ 16} However, despite our finding that Bucholtz knowingly, intelligently, and voluntarily waived his right to counsel, we are bound by the precedent recently articulated by the Supreme Court of Ohio in *In re Andrew*, 119 Ohio St.3d 466,

2008-Ohio-4791, 895 N.E.2d 166. In a factually similar situation involving a juvenile who committed his offense prior to the attaining the age of majority, violated his parole, and had attained the age of majority prior to his parole-violation hearing, the court held as follows:

> Though Andrew was over 18 years old when he appeared at the parole-violation hearing, he was not yet 21, and the court was exercising jurisdiction on a matter related to his prior adjudication as a delinquent child. Accordingly, Andrew is deemed a child for purposes of the juvenile court's exercise of jurisdiction over him.
>
> As a child, Andrew "is entitled to representation by legal counsel at all stages of the proceedings." R.C. 2151.352. The statutory provision codifies and expands "a juvenile's constitutional right to appointed counsel." *In re C.S.*, 115 Ohio St.3d 267, 874 N.E.2d 1177, at ¶ 83. A parole-violation hearing of a person adjudicated a delinquent child is a delinquency proceeding. Accordingly, Andrew "may not waive his right to counsel" unless he is "counseled by his parent, guardian, or custodian [or has] consulted with an attorney." Id. at paragraph two of the syllabus.

*In re Andrew,* 119 Ohio St.3d 466, 2008-Ohio-4791, 895 N.E.2d 166, at ¶ 7–8.

{¶ 17} In the present case, Bucholtz appeared at his parole-violation hearing without a parent, guardian, custodian, or legal counsel to assist him in waiving his right to counsel. Nor is there any indication in the record that he had been advised or had consulted with someone prior to his court appearance. Accordingly, we are bound by the decision in *In re Andrew*. For those reasons alone, we reverse.

{¶ 18} Accordingly, Bucholtz's first assignment of error is sustained. Based on the foregoing, the October 24, 2007 magistrate's decision and order of the court on admission of the Court of Common Pleas, Allen County, Ohio, Juvenile Division revoking his parole and returning him to the custody of DYS is reversed.

Judgment reversed
and cause remanded.

WILLAMOWSKI and ROGERS, JJ., concur.