[Cite as *State v. Wright*, 2016-Ohio-8068.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 16 CA 1 |
| HOLDEN C. WRIGHT | |
| | |
| Defendant-Appellant | O P I N I O N |



| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Municipal Court, Case No.  15 CRB 0862 |
| | |
| JUDGMENT: | Reversed and Vacated |
| | |
| DATE OF JUDGMENT ENTRY: | December 6, 2016 |
| | |
| APPEARANCES: | |


| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| | |
| DANIEL E. COGLEY | MARGARET SMITH REPLOGLE |
| CITY OF LANCASTER | LAW OFFICE OF MARGARET SMITH |
| ASSISTANT PROSECUTOR | REPLOGLE |
| 136 West Main Street | P. O. Box 880, 660 Hill Road North |
| Lancaster, Ohio  43130 | Pickerington, Ohio  44147 |

*Wise, J.*

{¶1} Appellant Holden C. Wright appeals his convictions, in the Fairfield County Municipal Court, on two misdemeanor counts of public indecency. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} On October 19, 2013, a seventeen-year-old minor, J.R., at the time a resident in a juvenile detention facility, provided a written statement alleging incidents of sexual abuse perpetrated on him by Appellant Wright more than a decade earlier in Lancaster, Ohio.

{¶3} Law enforcement officials and child protective services intervened to assess J.R.'s claims. J.R. also repeated his allegations during a subsequent interview with Lancaster Police Detective Nicholas Snyder, who estimated that during the time frames in question, J.R. would have been about four to eight years old, while appellant would have been about ten to fifteen years old.[1]

{¶4} Detective Snyder considered J.R.'s allegations potentially chargeable as felony-level rape and gross sexual imposition, and he took the matter to the Fairfield County Prosecutor's Office. However, representatives of that office decided not to pursue a felony case against appellant.

{¶5} Detective Snyder thereafter presented his information to the Lancaster City Prosecutor's Office for review. As a result, on April 17, 2015, under Fairfield County Municipal Court Case Number 2015 CRB 862, appellant was charged with the following misdemeanor crimes: Public Indecency, R.C. 2907.09(B)(1) (Count "A"); Public

---

[1] Based on the timeframes subsequently alleged in the criminal complaints (December 1999 to December 2001), appellant would most likely have been between ten and twelve years old in regard to the charged offenses.

Indecency, R.C. 2907.09(B)(2) (Count "B"); Public Indecency, R.C. 2907.09(B)(3) (Count "C"); Sexual Imposition, R.C. 2907.06(A)(1) (Count "D"); Sexual Imposition, R.C. 2907.06(A)(2) (Count "E"); Public Indecency, R.C. 2907.09(A)(2), (Count "F"); Public Indecency, R.C. 2907.09(A)(3) ("Count "G"); Public Indecency, R.C. 2907.09(A)(1) (Count "H").

{¶6} On September 30, 2015, appellant filed a motion to dismiss all charges, raising issues including the statute of limitations and alleged violations of the Ex Post Facto and Due Process provisions of the United States and Ohio Constitutions.

{¶7} Testimonial evidence and some oral arguments on the request for dismissal were presented at an oral hearing before the trial court on October 6, 2015.

{¶8} On October 12, 2015, the State submitted a brief in opposition to appellant's motion to dismiss. Appellant filed a supplemental memorandum in support of the motion to dismiss on October 16, 2015.

{¶9} On October 21, 2015, the trial court issued a judgment entry overruling appellant's motion to dismiss.

{¶10} On January 14, 2016, appellant entered pleas of no contest and was found guilty of two counts: Public Indecency (R.C. 2907.09(A)(2)), a misdemeanor of the third degree (Count "F"); and Public Indecency (R.C. 2907.09(A)(3), a misdemeanor of the third degree (Count "G"). The State of Ohio moved to dismiss all other counts, and the trial court thereupon dismissed counts "A" through "E" and count "H".

{¶11} Appellant was thereupon sentenced to 120 days of jail (60 days per count), all suspended upon conditions of community control and payment of court costs. The community control sanctions include intensive supervised probation, completion of

mental health evaluation, sex offender treatment and no contact with victims or minor children.

{¶12} On January 19, 2016, appellant filed a notice of appeal. On January 21, 2016, a judgment entry granting a motion for stay was issued by the trial court.

{¶13} Appellant filed a notice of appeal on February 16, 2016. He herein raises the following four Assignments of Error:

{¶14} "I.   THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION DUE TO EXPIRATION OF THE STATUTE OF LIMITATIONS SET FORTH BY R.C. 2901.13(A)(1)(b).

{¶15} "II.   THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION BY FINDING THE CHARGES OF PUBLIC INDECENCY PURSUANT TO R.C. 2907.09(A)(2) AND R.C. 2907.09(A)(3) ARE 'FELONY ACTS' GIVING RISE TO JURISDICTION UNDER R.C. 2152.12(J).

{¶16} "III.   R.C. 2152.12(J) IS UNCONSTITUTIONAL IN THAT IT IS OVERBROAD AND VAGUE.

{¶17} "IV. R.C. 2152.12(J) IS UNCONSTITUTIONAL IN THAT IT AFFORDS THE TRIAL COURT JURISDICTION TO CONVICT APPELLANT FOR MISDEMEANOR OFFENSES COMMITTED AS A JUVENILE FOURTEEN TO SIXTEEN YEARS PRIOR, IN VIOLATION OF THE PROTECTIONS AFFORDED APPELLANT UNDER DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE FOURTEENTH

AMENDMENT AND THE MANDATE OF FUNDAMENTAL FAIRNESS IN THE CRIMINAL

JUSTICE PROCESS."

II.

**{¶18}** In his Second Assignment of Error, which we will address out of sequence, appellant argues the trial court erred or abused its discretion in denying his motion to dismiss for want of jurisdiction in the municipal court. We agree.

**{¶19}** Our present focus is on R.C. 2152.12(J), which states as follows: "If a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act. In those circumstances, divisions (A) and (B) of this section do not apply regarding the act, and the case charging the person with committing the act shall be a criminal prosecution commenced and heard in the appropriate court having jurisdiction of the offense as if the person had been eighteen years of age or older when the person committed the act. All proceedings pertaining to the act shall be within the jurisdiction of the court having jurisdiction of the offense, and that court has all the authority and duties in the case as it has in other criminal cases in that court."[2]

---

[2]    The trial court effectively determined that former R.C. 2151.26(G) (repealed in 2002) was the applicable statute, which provided: "If a person under eighteen years of age allegedly commits an act that would be a felony if committed. by an adult and if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act, divisions (B) and (C) of this section do not apply regarding that act, the case charging the person with committing that act shall be a criminal prosecution commenced and heard in the appropriate court having jurisdiction of the offense as if the person has been eighteen years of age or older

{¶20} Appellant essentially contends the trial court erroneously invoked its jurisdiction pursuant to R.C. 2152.12(J), *supra*, by effectively determining that the two counts of misdemeanor public indecency under R.C. 2907.09(A)(2) and 2907.09(A)(3) would be felony acts if committed by an adult. We note that in the judgment entry of October 21, 2015, denying the appellant's motion to dismiss, the trial court specifically "adopt[ed] the legal arguments set forth by the State." Thus, the trial court apparently accepted the State's pre-trial theory, based on Detective Snyder's testimony at the hearing on the motion to dismiss, that appellant "committed at least Gross Sexual Imposition *** on a four, five, or six year old child victim within the City of Lancaster between 1999 and 2001," and that "this act would have been a felony if committed by an adult." *See* Brief in Opposition to Defendant's Motion to Dismiss, October 12, 2015, at 3.

{¶21} However, under R.C. 2907.09(C)(3), "*** [i]f the offender previously has been convicted of or pleaded guilty to two or more violations of this section, a violation of division (A)(2) or (3) of this section is a misdemeanor of the first degree or, if any person who was likely to view and be affronted by the offender's conduct was a minor, a felony of the fifth degree." Accordingly, the offense of public indecency is only elevated to a felony if the offender previously has been convicted of or pleaded guilty to two or more public indecency violations, where "any person who is likely to view and be affronted by the offender's conduct was a minor." In this instance, the investigating officer, while evidently desirous of pursuing a felony case against appellant, ultimately *charged*

---

when the person committed that act, all proceedings pertaining to that act shall be within the jurisdiction of the court having jurisdiction of the offense, and the court having jurisdiction of the offense has all the authority and duties in the case as it has in other criminal cases commenced in that court." Given the nearly identical language between the two statutes, we need not dwell on the question of which one to analyze in this appeal.

appellant with misdemeanor counts only, leading to appellant's two public indecency "no contest" pleas under R.C. 2907.09(A)(2) and R.C. 2907.09(A)(3), as misdemeanors of the third degree.

**{¶22}** The State insists that these two offenses, even though charged as misdemeanors, were part of a much more serious and forceful course of conduct or "act" by appellant against the young victim, as Detective Snyder alleged in the probable cause affidavits. However, we find the General Assembly's intent expressed in the language of R.C. 2152.12(J) is to open the jurisdictional door to prosecuting an adult over age 21, for past juvenile acts that would have been adult felonies, only where there the State initiates an actual "case charging the person with committing the act," *i.e.*, a commenced *felony* prosecution. Furthermore, by analogy, in reviewing the legislative history of R.C. 2151.23(I) (which also contains language very similar to R.C. 2152.12(J)), one of the purposes of Am.Sub.H.B. No. 124, 146 Laws of Ohio, Part II, 2034 (effective Mar. 31, 1997) was to amend various sections of R.C. Chapter 2151 "to require a person who *commits a felony* while under 18 and who is not apprehended until after the person is 21 to be tried as an adult ***." *See In re Andrew*, 119 Ohio St.3d 466, 895 N.E.2d 166, 2008-Ohio-4791, ¶ 26 (emphasis added), O'Connor, J., dissenting.

**{¶23}** It is generally mandated that the sections of the Revised Code defining offenses or penalties "shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A). Furthermore, "*** youth crime as such is not exclusively the offender's fault; offenses by the young also represent a failure of family, school, and the social system, which share responsibility for the development of America's youth." *Thompson v. Oklahoma,* 487 U.S. 815, 834, 108 S.Ct. 2687, 101

L.Ed.2d 702, quoting *1978 Report of the Twentieth Century Fund Task Force on Sentencing Policy Toward Young Offenders* (plurality opinion, internal citations omitted). In that light, and based on a plain reading of R.C. 2152.12(J), we find no basis to judicially expand said statutory subsection to apply to alleged former juvenile misdemeanants who have passed the age of twenty-one. The trial court in this instance thus erroneously allowed the State to sidestep the requirements of R.C. 2152.12(J) by allowing misdemeanor "adult" charges to proceed against appellant without at least being bootstrapped onto a complaint with formal felony charges.

**{¶24}** The trial court therefore erred as a matter of law in failing to dismiss all counts in the municipal court complaint against appellant upon his motion. Appellant's Second Assignment of Error is therefore sustained.

I., III., IV.

**{¶25}** In his First Assignment of Error, appellant argues the trial court erred or abused its discretion in denying his motion to dismiss due to expiration of the statute of limitations. In his Third and Fourth Assignments of Error, appellant challenges the constitutionality of R.C. 2152.12(J).

{¶26} However, as we have found appellant's prior argument dispositive, we need not address the remaining assigned errors on the basis of mootness.

{¶27} For the foregoing reasons, the judgment of the Municipal Court of Fairfield County, Ohio, is hereby reversed and vacated.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/d 1104