[Cite as *In re D.S.P.*, 2019-Ohio-3391.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

IN THE MATTER OF: D.S.P.          :
                                  :
                                  :     Appellate Case No. 2018-CA-48
                                  :
                                  :     Trial Court Case No. D43994
                                  :
                                  :     (Appeal from Common Pleas Court-
                                  :     Juvenile Division)
                                  :
                                  :

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of August, 2019.

. . . . . . . . . . .

ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Appellee, State of Ohio

JAMES S. SWEENEY, Atty. Reg. No. 0086402, 285 South Liberty Street, Powell, Ohio 43065
        Attorney for Appellant, D.S.P.

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellant D.S.P. appeals from a judgment of the Greene County Court of Common Pleas, Juvenile Division. For the reasons that follow, we dismiss this appeal as moot.

## I.     Facts and Procedural History

{¶ 2} D.S.P. has a long history of involvement in the juvenile justice system, having first been adjudicated delinquent in 2012, at the age of 12, for having committed the offenses of aggravated menacing and vandalism.

{¶ 3} In July 2015, a complaint was filed alleging that D.S.P. had committed an offense that would constitute gross sexual imposition, a third degree felony, if he were an adult. The alleged victim was his cousin, who was eight years old at the time of the offense. On May 5, 2016, a magistrate adjudicated D.S.P. delinquent for committing gross sexual imposition. D.S.P. filed objections.

{¶ 4} On May 13, 2016, a complaint was filed alleging that D.S.P. had committed the offenses of aggravated robbery, assault, aggravated menacing and resisting arrest. He was subsequently adjudicated delinquent on the aggravated robbery offense, a first degree felony if committed by an adult.

{¶ 5} On May 4, 2017, the objections to the adjudication of delinquency on the gross sexual imposition offense were overruled, and the matter was set for a dispositional hearing. In July 2017, a complaint was filed alleging that D.S.P. had committed the offense of criminal damaging or endangerment, a first degree misdemeanor if committed by an adult. He was subsequently adjudicated delinquent for that offense, which was

reduced to a fourth degree misdemeanor by agreement of the State.

{¶ 6} A dispositional hearing was conducted on August 18, 2017 regarding the gross sexual imposition and criminal damaging or endangering offenses. By judgment dated September 29, 2017, the court placed D.S.P. on supervised community control sanctions (CCS). The court also ordered D.S.P. to be monitored until his 21st birthday and to undergo sex offender treatment. The court informed D.S.P. that a violation of any of the conditions of CCS could result in more restrictive sanctions, including commitment to the Ohio Department of Youth Services for an indefinite term of one year or until his 21st birthday on the gross sexual imposition offense and a definite period of 90 days in the Greene County Juvenile Detention Center for the offense of criminal damaging or endangering. No appeal was taken.

{¶ 7} On October 24, 2018, the juvenile court conducted a scheduled CCS status review hearing.[1] During the hearing, it was noted that, earlier that day, D.S.P. had been sentenced to a term of community control sanctions (CCS) after being convicted of two felony offenses. The juvenile court also noted that D.S.P. did not have counsel. The court permitted the juvenile probation officer to provide an update, which indicated that D.S.P. was attending therapy and attempting to obtain employment. The State then asked the court to continue the juvenile CCS in order to ensure that D.S.P. continued therapy. The State noted that the adult probation department was willing to help supervise the juvenile CCS conditions. The court asked D.S.P. whether he wished to make a statement, but D.S.P. declined to do so. The court then permitted D.S.P.'s aunt, the mother of the gross sexual imposition victim, to make a statement. It appears that

---

[1] D.S.P. was almost 19 years old at the time of the review hearing.

D.S.P. attempted to interrupt the victim's mother, at which point the juvenile court informed him that he had already had a chance to speak. The court then ordered D.S.P. to report to the Greene County Public Defender's Office in order to obtain legal counsel. At that point, the following colloquy ensued:

D.S.P.: It's important.

THE COURT: Well, let's hear it, because the smug look on your face doesn't - -

D.S.P.: All right.

THE COURT: - - mean anything's important to you.

D.S.P.: It's really not to me, because I'm not trying to be disrespectful to you or anybody else in this courtroom. I'm not trying to call you out, [aunt's name], but you're talking about your success story and how good you've been. For one, you accused - -

THE COURT: Wait a minute. No, no, no.

D.S.P.: All right.

THE COURT: Not at all, [D.S.P.].

D.S.P.: All right. Well, look - -

THE COURT: Not - - no, wait. No. You're not to speak.

D.S.P.: All right. Yes, sir.

THE COURT: I'm ordering you to go to the public defender's office and get yourself a lawyer. You have one week from today's date to report back to this court on who's representing you. In the meantime, I'm going to have the Greene County adult probation department monitor your community

control with this court.

D.S.P.:   That's great.

THE COURT:   Failure to report within one week of who your lawyer is may result in the court finding you in contempt of its order.   Do you understand that, [D.S.P.]?

D.S.P.:   Yes, sir.   Are my rights violated?

THE COURT:   Do you understand that if you are found - -

D.S.P.:   I feel like my rights are violated.

THE COURT:   [D.S.P.], do you understand?

D.S.P.:   I don't have an attorney here and you're sitting - -

UNKNOWN PERSON:   Sir, let the judge finish.

D.S.P.:   - - here being very disrespectful and just calling me out.   If you're going to like sit here and talk about how like crappy of a person I am, at least let me have like some type of someone to back me up.   You've got everybody else here in the room, including my grandma - -

THE COURT:   Obviously, [D.S.P.] - -

D.S.P.:   You're not letting me talk.   I feel violated.   I feel like my rights are violated.

THE COURT:   All right.   Mr. [D.S.P.], I am going to remand you to the custody of the Greene County Sheriff's Office.   While you're at the Greene County Jail, you need to apply for a public defender, so we can finish out this case.   With that, we're adjourned.

D.S.P.:   How can he do that?

Tr. p. 10-12.

{¶ 8} On October 31, 2018, a notice of hearing for a violation of the juvenile community control sanctions was filed based upon the conviction in adult court. The request alleged that D.S.P. had violated Rule Number 1 of his probation terms requiring him to refrain from violating any federal, state, county or municipal law. The matter was set for a hearing on November 6, 2018.

{¶ 9} At the hearing, D.S.P. was represented by counsel and admitted to the CCS violation. The court permitted statements by counsel and D.S.P.'s grandmother, both of whom noted that he was continuing to make progress in therapy. The State then asked the court to continue juvenile CCS with the assistance of adult probation. The State also noted that the community control officer assigned to the case had identified a treatment option for D.S.P. through Community Correctional Center ("CCC"). The State acknowledged that the facility was an adult facility, but noted that the facility had the resources to address "a lot of the issues that are of concern[.]" Tr. p. 10. The State specifically mentioned the issues of chemical dependency treatment and sexual offender treatment, as well as mental health treatment and anger management. D.S.P. then made a statement to the court including an apology for his behavior at the previous hearing.

{¶ 10} In a judgment entered the same day, the juvenile court continued community control sanctions with supervision by the Greene County Adult Probation Department. The court also ordered that D.S.P. be placed at CCC. The court again remanded D.S.P. to the Greene County Sheriff's Office and jail to await transport to the CCC. No objection was raised.

{¶ 11} D.S.P. filed a motion to release pending transport to CCC, claiming that CCC would not have a space for him until December 11, 2018. He further claimed that he was not a flight risk. The State opposed the motion. The motion to release was denied.[2]

{¶ 12} D.S.P. appeals.

## II. Violation of Right to Counsel

{¶ 13} The first assignment of error asserted by D.S.P. states:

THE JUVENILE COURT VIOLATED D.S.P.'S RIGHT TO COUNSEL AND TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, R.C. 2151.352; AND JUVENILE RULES 3 AND 4.

{¶ 14} D.S.P. contends that the juvenile court erred because it conducted the October 25, 2018 hearing despite the fact that he was not represented by counsel. The State contends that any error was harmless because the court intended to continue the hearing until D.S.P. obtained counsel and it took no action on the issue of D.S.P.'s CCS. The State admits that D.S.P. was remanded to the Greene County Jail, an adult facility, following the hearing, but asserts that this was permissible because D.S.P.'s behavior during the hearing constituted direct contempt.

{¶ 15} Even though D.S.P. was 18 years old at the time of the October 2018

---

[2] D.S.P. also filed a motion to stay his commitment to CCC pending appeal. The record before us does not contain the juvenile court's ruling on the motion.

hearing, he was considered a child for purposes of any juvenile court proceedings "related to his prior adjudication as a delinquent child." *In re Andrew*, 119 Ohio St.3d 466, 2008-Ohio-4791, 895 N.E.2d 166, ¶ 7. R.C. 2151.352 provides that a child "is entitled to representation by legal counsel at all stages of the proceedings." Additionally, Juv.R. 4(A) provides for the right to legal counsel. Finally, the Supreme Court of Ohio has recognized that a juvenile has the right to counsel in juvenile proceedings which involve criminal matters. *Anderson* at ¶ 8.

{¶ 16} On this record, we cannot conclude that D.S.P.'s remand to the Greene County Jail was based upon the juvenile court's conclusion that D.S.P. was in direct contempt of court. We also cannot conclude that D.S.P.'s right to counsel was violated by the juvenile court's action. D.S.P.'s adult felony convictions violated the conditions of his juvenile CCS, and individuals are often taken into custody for a CCS violation, with the right to counsel occurring at the CCS violation hearing. Finally, we cannot agree with D.S.P.'s suggestion that the contested interaction between the judge and him affected the judge's decision to place him at CCC. This is mere speculation and, further, is inconsistent with the court's comments to D.S.P. at the CCS revocation hearing.

{¶ 17} In any event, since D.S.P. is no longer confined at the Greene County Jail, there is no relief that we could grant, making this assignment of error moot.

### III.    Confinement at Adult Facility

{¶ 18} D.S.P.'s second assignment of error states:

THE JUVENILE COURT ERRED IN PLACING D.S.P. AT FACILITIES MEANT FOR ADULTS IN VIOLATION OF [R.C.] 2152.26.

{¶ 19} D.S.P. contends that the trial court erred by remanding him to the Greene County Jail pending transfer to CCC. He further contends that the court erred by ordering him transferred to CCC. In support, he notes that both facilities are adult detention centers and that children cannot be housed in such facilities unless certain criteria are met.

{¶ 20} R.C. 2152.26(F)(4)(a) provides that a child over the age of 18, but under the age of 21, may not be confined in an adult facility unless the juvenile court "establishes by a preponderance of the evidence and makes written findings * * * that the youth is a threat to the safety and security of the [youth] facility * * * [or] * * * the best interests of the youth require that the youth be held [in an adult facility.]"

{¶ 21} In this case, the juvenile court did not make such findings on the record or by written entry. The record demonstrates, however, that D.S.P.'s confinement at the Greene County Jail ended when he was transferred to CCC. Further, the State avers, and D.S.P. does not deny, that he has been released from CCC. As stated above, D.S.P. did not appeal his delinquency adjudication or the delinquency adjudication for a probation violation. Thus, D.S.P. is essentially appealing an imposed CCS sanction. Since D.S.P. has already completed this sanction, there is no relief that we can afford him.

{¶ 22} Accordingly, the second assignment of error is overruled as moot.


## IV.    Conclusion

{¶ 23} Both of D.S.P.'s assignments of error being overruled as moot, this appeal is dismissed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Elizabeth A. Ellis
James S. Sweeney
Hon. Adolfo A. Tornichio